## M. E. RICHEY v. SILAS HARE ET AL.

1. HOMESTEAD—WHEN COMMUNITY NOT SUBJECT TO FORCED SALE TO SATISFY DEBTS ON DIVORCE OF THE OWNERS.—Judgment was rendered divorcing A from his wife, B, and directing the sale by a commissioner of the land described as a homestead and as community property, and directing the partition of the proceeds between A and B. Another judgment was rendered on the same day by the same court in favor of D and against A, on a community debt owing by A, and the land described in the divorce judgment as a homestead was levied on and sold under execution by the judgment creditor, on the same day that the same land was sold by the com-

missioner. In a controversy between the purchasers at the two sales which involved the title, it was *held*, that being community property, if not a homestead, the land was liable to payment of community debts contracted before the institution of the suit for divorce.

2. If the property was a homestead, it was not subject to forced sale, and a creditor could have no ground to complain that the court decreed the sale and distribution between the parties entitled to it.

3. It was error to exclude evidence offered by the purchaser at execution sale to show that the land was not a homestead.

APPEAL from Cooke. Tried below before the Hon. C. C. Binkley.

*W. O. Davis,* for appellant.

*Walton & Green,* for appellees.

1. The suit for divorce, Jennie Crutcher *v.* George H. Crutcher, in which the decree offered by plaintiffs was rendered, was a proceeding *in rem*, and from its inception all the property of the conjugal copartnership passed *in custodia legis*, whether homestead or otherwise. The writ of sequestration or injunction would lie to prevent its waste, injury, or alienation. (Freeman on Judg., p. 9, §§ 513, 610; Pas. Dig., arts. 3454, 3457, 3458.)

2. The parties litigant having by their agreement waived the statutory provision taking from the court the power of divesting real estate, and agreeing that their joint or common title should be passed through the court, the purchaser of the property took good title against the world, provided the parties, Crutcher and wife, had title, and for the purposes of this inquiry their title is undisputed.

3. It cannot avail appellant to say that the judgment of Richey *v.* Geo. H. Crutcher attached as a lien on the real estate of the community in the county, and, as such lien, was entitled to priority over the decree *in rem* entered on the same day of rendition of said judgment ordering sale of the property; for, aside from the question of homestead, viewing the proceeding simply as one of *partition*, the judg-

22

ment lien could not attach, and the remedy for the enforcement of a valid claim against the property undergoing partition in the court was by application to have the proceeds of sale in the hands of the commissioner applied. (See Cradlebaugh *v.* Pritchett, 8 Ohio, 646.)

Ample time was had for process against the commissioner before time of sale, and if the judgment was a valid claim against the funds in his hands arising from the sale of the property, its establishment and collection as such had been an easy matter.

4. But the judgment or decree in evidence raises the property in litigation out of the pale of ordinary property, and declares it *homestead*, and so great is the verity of judgments that no collateral attack can be made upon it. (Freeman on Judgments, p. 352, § 416.)

REEVES, ASSOCIATE JUSTICE.—This is an action brought by appellees against appellant to recover two lots of ground, described as lots Nos. 6 and 7, in block No. 15, situated in the town of Gainesville, in Cooke county, and damages for the alleged trespass.

The defendant answered, pleading not guilty. After several amendments by plaintiffs, the cause was tried by a jury, and resulted in a verdict in favor of plaintiffs for the lots and $89 00 as rent for use and occupation. Both parties claim title under G. H. Crutcher. On the 30th day of April, 1873, the District Court of Cooke county rendered a judgment dissolving the bond of matrimony between Jennie Crutcher and said G. H. Crutcher. This judgment directs, in accordance with an agreement filed by the parties, that said lots, describing them as community property, and as being the homestead of the parties, should be sold as under execution, appointing J. E. Wheeler commissioner to make the sale and convey to the purchaser, and instructing him, after paying costs and expenses, to pay the balance of the proceeds of the sale to Jennie and G. H.

Crutcher in equal parts. Appellees claim as purchasers at Wheeler's sale, and under his deed, which they introduced on the trial, and proved payment of the purchase money. They also proved the value of the rents and profits.

On the same day the lots were ordered to be sold and the proceeds divided between Jennie and G. H. Crutcher, to wit, on the 30th day of April, 1873, the appellant, M. E. Richey, recovered a judgment against said G. H. Crutcher for $365 20, with execution in the usual form. Execution having issued on this judgment, it was levied by the sheriff on said lots Nos. 6 and 7, and they were sold on the first Tuesday in June, 1873, when the plaintiff in the execution, Mrs. Richey, became the purchaser, the amount of her bid being entered as a credit on the execution, and thereupon the sheriff conveyed to M. E. Richey all the right and title of G. H. Crutcher in the lots. Both sales were made on the same day, (the first Tuesday in June, 1873,) but the sheriff's sale was prior to the commissioner's sale, and appellees were notified of appellant's title at the time they purchased, as appellant offered to prove on the trial. Appellant further offered to prove that the land in controversy was not the homestead of Jennie and G. H. Crutcher, and had never been their homestead, but was community property, and that the judgment of M. E. Richey against G. H. Crutcher was for a community debt. This evidence, and the title under which appellant claimed, was ruled out by the court, on objection being taken thereto by appellees on various grounds.

1. The judgment offered by the plaintiffs cannot be attached collaterally.

2. Defendant is a privy in estate with Crutcher, and bound by the recitals in the judgment offered by plaintiff.

3. The defendant had no pleadings under which the evidence could be admitted.

4. The commissioner, Wheeler, acted under the authority of the court, and cannot be attacked collaterally, and is

conclusive, and there was no pleadings of defendant for that purpose.

5. Crutcher could have no right to sell the homestead, and the judgment offered by plaintiff is a proceeding *in rem*.

It will be seen that the title under which the parties severally claim depends, on the part of the appellees, on the merit and force of the judgment rendered in the suit of Crutcher against Crutcher, and, on the part of the appellant, on her judgment against G. H. Crutcher, and on the evidence she proposed to introduce in addition to the judgment, execution, and sale under which she claims. The judgments were rendered on the same day, and the sales under which the parties claim in opposition to each other were made on the same day; and if appellee's title was superior to that of appellants, it must be so on some one or more of the grounds on which the evidence of her right was excluded from the jury. Appellant was not a party to the judgment of Crutcher v. Crutcher, and, however conclusive it may be as between the parties to it, certainly it cannot be held to be conclusive on her. Her judgment was a lien on the real estate of the defendant in the county where it was rendered, if not exempt from execution, and it cannot be supposed that Crutcher and wife could defeat the payment of this debt by an agreement to divide the community property or its proceeds between themselves. It is not shown that the debt was contracted after the suit for divorce was brought, so that the community estate would not be liable for its payment, but, on the contrary, appellant offered to prove that her judgment was for a community debt against Crutcher and wife. The divorce could not have the effect to vest in the husband and wife the community estate, to the prejudice of a creditor holding a debt against the community, unless it was the homestead or other property exempted from the payment of debts. The division of the property between the husband and wife

was an incident to the divorce, and was authorized by the statute, yet it must be done in subordination to the rights of creditors having claims on the community property, and which may be liable for debts. If it be the homestead, it is not subject to forced sale, and a creditor could have no ground to complain that the court decreed the sale and distribution of the proceeds between the parties entitled to it. The decree directing the sale of the lots added nothing to the title of Crutcher and wife. Their rights were as perfect before the sale as after it was made. It was made at their instance, for the purpose of dividing the property or its proceeds, and could have no effect beyond that purpose, and could not defeat the right of M. E. Richey, who was not a party to that proceeding, to enforce a sale under her judgment and execution. Whatever privity may exist between M. E. Richey and G. H. Crutcher grows out of her purchase at the sheriff's sale, and his deed for the lots, and not the payment between Crutcher and wife. The action was trespass to try title, and under the plea of not guilty the defendant was entitled to introduce the evidence which was excluded by the court. The real question at issue between the parties, and on which their rights depend, is whether the lots were or not the homestead of Crutcher and wife. If they were, they were not subject to forced sale under M. E. Richey's judgment and execution. If the lots were not the homestead, and the judgment of M. E. Richey was for a community debt, as contended by her, they were subject to sale in payment of the debt. It follows from the views here expressed that there was error in excluding the evidence offered by appellant, for which the judgment will be reversed and the cause remanded for another trial.

REVERSED AND REMANDED.