Aline SWINFORD, Appellant,

v.

ALLIED FINANCE COMPANY OF CASA VIEW, Appellee.

No. 17007.

Court of Civil Appeals of Texas.

Dallas.

Jan. 26, 1968.

Rehearing Denied Feb. 16, 1968.

Jerry M. Hyde, Arlington, for appellant.

John D. Crawford, of Locke, Purnell, Boren, Laney & Neely, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Allied Finance Company of Casa View brought this action against Aline Swinford and Weldon Glenn Swinford seeking judgment for the unpaid balance of a promissory note and also for the foreclosure of a chattel mortgage on certain personal property given as security for said note. The defendant Weldon Glenn Swinford was subsequently dismissed from the action. Defendant Aline Swinford filed her plea in abatement alleging the pendency of bankruptcy proceedings in the United States District Court for the Northern District of Texas involving the same indebtedness and security. She also filed numerous special exceptions, followed by a general denial. Plaintiff filed its motion for summary judgment in due form and supported by proper affidavit. Defendant failed to appear and answer or otherwise controvert the summary judgment motion. Upon hearing, the trial court overruled the plea in abatement and sustained the motion for summary judgment. Aline Swinford appeals from such judgment. We affirm.

Appellant earnestly contends that the trial court was in error in rendering a summary judgment wtihout considering and ruling upon appellant's special exceptions to appellee's pleading. It is true that appellant filed four special exceptions complaining of appellee's original petition, same presenting questions concerning the pendency of the bankruptcy proceedings, coverture of appellant, and lack of necessary party. However, the record is entirely

silent and does not disclose that appellant at any time presented said exceptions to the trial court and secured the court's ruling thereon. Under such condition of the record we hold that all such special exceptions were waived.

This court, speaking through Mr. Justice Bateman, in Cook v. Jaynes, 366 S.W.2d 646 (Tex.Civ.App., Dallas 1963), stated the rule:

"We make the same disposition of appellant's point that the summary judgment should not have been granted until appellant's special exceptions had been acted upon. We agree that the proper, orderly manner for trial courts to dispose of such matters is to pass on objections to pleadings before rendering judgment, but there is nothing in this record to indicate that appellant called these exceptions to the trial court's attention or requested action thereon. If he did not do so, the exceptions were waived. Rule 90, Vernon's Texas R.C.P."

To the same effect see 3 Tex.Jur.2d, § 117, p. 386; 45 Tex.Jur.2d, § 187, p. 748; Wilson v. Clarke Floor Machine Co., 380 S.W.2d 768 (Tex.Civ.App., Eastland 1964); and White v. Allstate Ins. Co., 386 S.W.2d 601 (Tex.Civ.App., Beaumont 1965, writ ref'd n. r. e.).

■ We have examined each of the special exceptions and find that the same are without merit so that any possible error on the part of the court in failing to pass upon the same would be harmless. Rule 434, Vernon's Texas Rules of Civil Procedure.

Appellant next contends that the trial court erroneously granted summary judgment against her because of the dismissal of Weldon Glenn Swinford. This argument is based upon the proposition that at the time the note sued upon was executed by her she was the wife of Weldon Glenn Swinford; that subsequently they were divorced and in the decree of divorce it was adjudged that all community debts were to be paid by the husband, Weldon Glenn Swinford. She argues, therefore, that Weldon Glenn Swinford became the principal obligor upon the note sued upon and, perforce Art. 2088, Vernon's Ann.Civ.St. of Texas and Rule 163, T.R.C.P., the court could not properly dismiss him from the action. Appellant's contention cannot be sustained.

The only way we can ascertain the facts concerning the marital status of the parties as well as the divorce proceedings is from the certified copy of the divorce decree attached to defendant's answer.

■ The note sued upon is standard in form and provides that the signers thereof were jointly and severally obligated to pay same. Both Aline Swinford and Weldon Glenn Swinford signed the note and thereby became joint obligors. Assuming the parties were man and wife at that time and were subsequently divorced and the judgment of the divorce court imposed liability upon the husband for the indebtedness, yet, such action could have no legal effect upon the rights of the holder and owner of the note. Appellee is not shown to have been a party to or had any notice of the divorce action or the judgment rendered therein. It is well settled that the rights of any owner in property, aside from the exempt property, are, in a very important sense, subordinate to the rights of his creditors. The court in a divorce action has no power to disturb the rights which creditors lawfully have against the parties. As stated in 3 Speer's Marital Rights in Texas, § 840, p. 201:

"In truth, however, the partitioning of the community property is not a disposition of it at all. There is no change of owners, but a mere ascertainment and separation of the interests theretofore exercised in common. It remains subject to the demands of creditors, and the wife receiving and appropriating property in the partition that would otherwise be liable to creditors, becomes personally liable, to the extent of the property so received, for the payment of the debts."

Since appellant was a principal obligor on the note she may be sued either alone or jointly with Weldon Glenn Swinford, the other principal obligor, and it was not error for the court to dismiss one and allow recovery against the other. Art. 1986, V.A.C.S.; Shield v. First Coleman Nat. Bank of Coleman, 160 S.W.2d 277 (Tex.Civ.App., Austin 1940, affirmed Sup. Ct.1942, 140 Tex. 117, 166 S.W.2d 688). Not being the only principal obligor on the note, Weldon Glenn Swinford was not an indispensable or necessary party to the action.

Appellant next contends that the original petition was fatally defective on its face and therefore summary judgment was improper. Appellant argues that it was fundamental error for the court to enter judgment upon the petition which failed to allege that appellant was not a feme covert at the time of execution of the note sued upon or that the contractual consideration was actually furnished for necessaries for herself, or her separate estate. By a 1963 amendment of Art. 4626, V.A.C.S., it is expressly provided that a married woman shall have the same powers and capacity as if she were a feme sole, in her own name, to contract and be contracted with, sue and be sued, and all her separate property, her personal earnings and the revenues from her separate estate which are not exempt from execution under the laws of Texas shall thereafter be subject to her debts and be liable therefor, and her contracts and obligations shall be binding on her. The Legislature, in 1963, also repealed Art. 4623 (House Bill 403, Ch. 472, p. 1188, Act of 58th Legislature Regular Session) which dealt with property being subject to the payment of debts contracted by the wife except those contracted for necessaries furnished her or her children. Therefore, when the note in question was executed by appellant in this case on January 27, 1965 she was subject to the amended law which imposed liability upon her as a feme sole.

Appellant's identical contention was advanced and rejected in Kitten v. Vaughn, 397 S.W.2d 530 (Tex.Civ.App., Austin 1965).

Appellant's next contention, to the effect that the trial court, by entering summary judgment in this case, interfered with the bankruptcy proceedings in the United States District Court contrary to statute, is likewise without merit and must be overruled for several reasons. It is apparent from the information contained in the various special exceptions as well as the plea in abatement that appellant herself was not a party to the bankruptcy proceedings pending in the federal court. Weldon Glenn Swinford, the other principal obligor on the note sued upon, was a party to the bankruptcy proceedings. The property incorporated in the chattel mortgage sought to be foreclosed in this action was listed by Weldon Glenn Swinford in the bankruptcy schedule.

It is settled law that a discharge in bankruptcy is personal to the bankrupt and does not have the effect of canceling or releasing the liability of a person jointly liable for a debt. 11 U.S.C.A. § 34; Bradley v. Straus-Frank Co., 414 S.W.2d 504 (Tex. Civ.App., Dallas 1967). Moreover, the record reveals that the bankruptcy court, acting through the trustee in bankruptcy, specifically abandoned and disclaimed all right, title and interest to the assets involved in this lawsuit. In view of these facts, apparent in this record, no possible conflict of jurisdiction is apparent which would vitiate the action of the state court in proceeding to summary judgment.

In a number of points appellant complains of the action of the trial court in proceeding to hear her plea in abatement, and overruling same, without giving her notice of the hearing. It is true that the judgment of the court does not affirmatively state that notice was given appellant prior to the hearing of the plea in abatement. We find it unnecessary to comment further upon the question of lack of notice

of the hearing for the simple reason that even if we assume that the court was in error in failing to give notice of the hearing on the plea in abatement such error is not shown to have resulted in any harm or damage to appellant. This for the reason that the plea in abatement, as above demonstrated, is without merit, as a matter of law.

Appellant's argument that the court erred in not giving her notice of the hearing of the summary judgment is without merit. The judgment itself recites due notice of the motion and setting thereon and also recites that such motion was not controverted.

The record in this case is abundantly clear that appellant had due notice of the motion for summary judgment and made no attempt to controvert such motion as provided by Rule 166–A, T.R.C.P. No question of due order of pleading is involved nor would appellant have waived or abandoned any rights asserted by virtue of her plea in abatement and special exceptions had she proceeded to file controverting affidavit or other opposition to the motion. She elected to remain silent and not appear at the hearing. At such hearing the burden of proof was definitely upon appellee to establish the nonexistence of issuable facts. Appellee did this by introducing extrinsic evidence in support of its position thereby demonstrating its right to recover. Under such circumstances the judgment is proper. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W. 2d 929 (1952); Gulf, C. & S. F. Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958); Sessions Co. v. W. A. Sheaffer Pen Co., 344 S.W.2d 180 (Tex.Civ.App., Dallas 1961); Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960); and Burnett v. Cory Corporation, 352 S.W.2d 502 (Tex. Civ.App., Dallas 1961).

We have carefully considered all of appellant's points and find the same to be without merit and are overruled.

The judgment of the trial court is affirmed.