INWOOD NATIONAL BANK OF DALLAS, Appellant,

v.

Patricia HOPPE, Appellee.

No. 8730.

Court of Civil Appeals of Texas, Texarkana.

Jan. 29, 1980.

Rehearing Denied March 4, 1980.

Scott A. Shearer, Palmer, Palmer & Coffee, Dallas, for appellant.

Jay S. Fichtner, Berman, Fichtner & Mitchell, Dallas, for appellee.

HUTCHINSON, Justice.

Inwood National Bank of Dallas, appellant, by this suit against Patricia Hoppe, appellee, seeks to recover the unpaid balance of the principal, accrued interest and attorney fees as provided for in a certain promissory note executed by her former husband and his business partner. The trial court sustained appellee's exceptions to appellant's Third Amended Original Petition and granted her Plea in Abatement and Bar and assessed the costs against the appellant.

From the record here it appears that on September 29, 1972, Robert Hoppe, then husband of appellee, and his business partner obtained a loan from appellant. No security was given to secure the loan, but Hoppe and his business partner personally guaranteed the payment of the loan note and submitted their personal financial statements. Hoppe's statement listed community property of himself and appellee. Payment of the original note evidencing the loan became due on March 29, 1973, and a renewal note was executed. This renewal note was due on June 29, 1973. Neither of the notes was executed by appellee. The Hoppes' suit for divorce was heard on June 18, 1973, and the formal judgment of divorce was signed and entered on July 13, 1973. The division of the community property as agreed upon by the Hoppes was approved by the court and reflected in the entered judgment. The note payable to appellant was to be discharged by Mr.

Hoppe. In 1974, Mr. Hoppe was adjudged to be bankrupt and was discharged from any further liability on the note payable to appellant. Appellant participated in the bankruptcy proceeding as a creditor and received a partial payment on the note. This suit was instituted on November 14, 1975. Neither the original petition nor the first two amended petitions made reference to the renewal note of March 29, 1973. The first allegation of its execution was made in the Third Amended Original Petition filed September 15, 1978. Appellee's special exceptions and plea in abatement and bar were sustained on October 13, 1978.

Appellant's brief here does not fully comply with the requirements of Rule 418(a), (b), (c), (d) or (e), Tex.R.Civ.P. (Supp.1979). Appellee's motion to dismiss the appeal on this basis has heretofore been denied for the reason that it is possible to discern from the filed brief the pertinent complaints of appellant.

Appellant alleged that the debt sued upon was a community debt of appellee and her former husband. Appellee does not challenge appellant's allegation that the original note was executed during her marriage to Robert Hoppe. However, Mrs. Hoppe did not sign the note. Being contracted for during marriage, the debt evidenced by the note is presumed to be upon the credit of the community and therefore a community debt. *Cockerham v. Cockerham*, 527 S.W.2d 162 (Tex.1975). Even though the court in granting the divorce and making a division of the community property ordered Mr. Hoppe to pay the community debts, such order could have no legal effect whatsoever upon the rights of appellant. *Broadway Drug Store of Galveston v. Trowbridge*, 435 S.W.2d 268 (Tex. Civ.App. Houston—14th Dist. 1968, no writ); *Swinford v. Allied Finance Company of Casa View*, 424 S.W.2d 298 (Tex.Civ.App. Dallas 1968, writ dism'd), *cert. denied*, 393 U.S. 923, 89 S.Ct. 253, 21 L.Ed.2d 259 (1968); 1 Simpkins, Texas Family Law

§ 5.71 (5th ed. 1975). Appellant, as a creditor of the community, had the right to resort to the entire non-exempt community property, and this right was in no way affected by the divorce decree. *First National Bank of Brownwood v. Hickman*, 89 S.W.2d 838 (Tex.Civ.App. Austin 1935, writ ref'd). Appellant's petition alleged a sustainable cause of action.

The question next to be considered is whether or not this cause of action is barred by reason of the discharge in bankruptcy of appellee's former husband. This question has heretofore been answered by the case of *Swinford v. Allied Finance Company of Casa View*, supra. The discharge in bankruptcy of appellee's former husband did not have the effect of canceling or releasing her joint liability for a community debt to the extent of the community property set aside to her by the divorce decree. Appellee was not a party to the bankruptcy proceeding and that portion of the community estate awarded to her by the divorce judgment was not subject to such proceeding. In order for the community creditors to have reached the former community property awarded to her by the divorce judgment, appellee would have to have been made a party to the bankruptcy proceeding or, as here, be sued in her individual capacity.

Appellee asserts that appellant's cause of action is barred by both the two year statute of limitations, Tex.Rev.Civ. Stat.Ann. art. 5526, and the four year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5527.[1] Article 5526(4) provides that suits or actions for debt not evidenced by a written contract must be instituted and prosecuted within two years of the accrual of the cause of action. Article 5527(1) permits the commencement and prosecution of a cause of action for debt evidenced by or founded upon a contract in writing within four years after the accrual of the cause of action. The basis for appellee's assertion of the two year statute is the fact that she did not sign the original or the renewal note

---

1. Article 5526 and Article 5527 as amended, effective August 27, 1979, permit the commencement of an action for debt, whether evidenced by a writing or not, within four years after the accrual of the cause of action.

**186**

and that the suit against her was therefore not evidenced by a written contract. This contention ignores the fact that the claimed liability of appellee is based upon a community debt of herself and her former husband which is evidenced by the written notes. Therefore the four year statute, and not the two year statute, is applicable. *Cowart v. Russell*, 135 Tex. 562, 144 S.W.2d 249 (1940); *International Printing Pressman and Assistants' Union v. Smith*, 145 Tex. 399, 198 S.W.2d 729 (1946). In so holding, we are mindful of the provisions of § 3.401(a), Tex. Bus. & Comm.Code Ann., which provides that: "No person is liable on an instrument unless his signature appears thereon." Such section is not applicable here. Appellee's exposure to liability rests upon the community nature of the debt which was incurred by and for the benefit of the community estate of herself and her former husband.

 Alternatively, appellee submits that appellant's alleged cause of action is barred by the four year statute. The basis for this contention is the fact that the renewal note of March 29, 1973, was not sued upon until the filing of the Third Amended Original Petition on September 15, 1978, more than four years after the due date of such renewal note. The determination of this contention is controlled by Article 5539b, Tex. Rev.Civ.Stat.Ann., which provides in part that ". . . no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. . . ." The renewal note of March 29, 1973, merely extended the time for the payment of an existing indebtedness and the allegation of its existence did not state a cause of action wholly based upon and growing out of a different transaction or occurrence. *Leonard v. Texaco, Inc.*, 422 S.W.2d 160 (Tex.1967).

The trial court erred in sustaining all of the exceptions to appellant's pleading and in granting the plea in abatement and bar.

The cause is therefore reversed and remanded to the trial court.