C. E. ANDERSON, Appellant,

v.

Jill W. ROYCE, Appellee.

No. B2667.

Court of Appeals of Texas,
Houston (14th Dist.)

Sept. 17, 1981.

Rehearing Denied Oct. 8, 1981.

Gary L. Crofford, Hofheinz, Harpold, Mc-Donald & Fitzgerald, Houston, for appellant.

William A. Sherwood, Butler, Binion, Rice, Cook & Knapp, Houston, Thomas R. Johnson, Friendswood, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

MURPHY, Justice.

C. E. Anderson appeals from orders granting two Motions for Summary Judgment in favor of Jill W. Royce. In controversy is whether the trial court erred in granting Appellee's Second Motion for Summary Judgment by finding that the two year statute of limitations in Tex.Rev. Civ.Stat.Ann. art. 5526, § 4 (Vernon 1976) prior to its amendment governed Appellee's liability for payments in default on an alleged installment promissory note signed by her former husband as an accommodation party.

Appellant filed suit in the District Court on January 24, 1978, against R. S. Royce and his former wife, Jill W. Royce, to recover payments due and owed on an alleged promissory note executed on January 24, 1973, by Anderson Engineering Company, Inc. and Bayport Molding, Inc. At execution, R. S. Royce signed the note as an accommodation party. Appellant is the assignee and holder of the note. Appellee and R. S. Royce were divorced in April, 1975.

The District Court granted Appellee's First Amended Motion for Partial Summary Judgment as to payments due from January 24, 1973, through January 24, 1974, finding no material issue of fact and ordering these payments barred by the four year statute of limitations provided in Tex.Rev. Civ.Stat.Ann. art. 5527, § 1 (Vernon 1976). The order was entered on September 10, 1980.

The District Court granted Appellee's Second Motion for Summary Judgment, entering its order on October 28, 1980, which ordered Appellant's cause of action barred against Appellee for other payments due after January 24, 1974, under the two year statute of limitations in Tex.Rev.Civ.Stat. Ann. art. 5526, § 4 (Vernon 1976). The Court further severed Appellant's cause of action against R. S. Royce. Appellee filed neither affidavits in support of her motions for summary judgment nor any other supporting documents as provided in Tex.R. Civ.Pro. 166–A. Appellant did not respond to either summary judgment motions. Appellant, however, asserts no error based upon these facts. Appellant withdrew his first point of error in which he had asserted that an issue of fact existed as to Appellee's derivative liability under the Family Code founded upon R. S. Royce's liability as an accommodation party under Tex.Bus.Comm. Code Ann. §§ 3.414 & 3.415. Appellant admitted at oral argument that the note sued upon was not negotiable, therefore not governed by Article 3, and relied upon his second point of error for the purposes of this appeal.

Appellant, in his second point of error, contends the District Court erred as a matter of law by applying the two year statute of limitations in Article 5526, prior to its 1979 amendment, because the cause of action should be governed by the four year termination period in Article 5527. We agree.

Prior to its amendment effective in August, 1979, Article 5527, § 1 of the Texas Revised Civil Statutes provided for a four year statute of limitations for actions based upon a contract in writing. Article

5526, § 4 prior to its 1979 amendment provided a two year period of limitations for other actions based upon a debt. Appellee contends that the two year statute of limitations governs her liability because there was no contract in writing between herself and Appellant and she was not a party to the contract. She asserts further that her liability rests upon Section 5.61 of the Texas Family Code which places liability for community debts upon both spouses. Appellee argues that such liability arises by statute and must be governed by the two year statute of limitations. These contentions are incorrect.

Under Texas law it is well settled that debts undertaken during marriage are presumed to be community debts. *Cockerham v. Cockerham,* 527 S.W.2d 162, 169, 171 (Tex.1975). Neither party has disputed the community nature of this debt. Community property reachable by creditors for debts incurred during marriage remains liable after a subsequent divorce of the parties and partition of the community estate. *Id.* An ex-spouse cannot escape liability under the two year statute of limitations by the fact that she was not a party to the contract. *Inwood National Bank of Dallas v. Hoppe,* 596 S.W.2d 183, 186 (Tex.Civ.App.—Texarkana 1980, writ ref'd n. r. e.). A contract in writing between Appellant's assignor and Appellee's former husband is the basis for the liability of the community estate and Appellee's liability. A division of the community estate has no effect upon a creditor's recovery rights. *Id.,* at 185; *Broadway Drug Store of Galveston v. Trowbridge,* 435 S.W.2d 268, 270 (Tex.Civ.App.—Houston [14th District] 1968, no writ). Under the above authorities, Appellant's cause of action for recovery of a community debt from Appellee and her former husband having been governed by the four year statute of limitation period prior to divorce would continue to be controlled by that limitation period after Appellee's divorce.

Appellee's contention that her liability arises by statute is incorrect. The Texas Family Code codifies the law in Texas as adopted from Spanish and Mexican Civil law prior to the Act of 1840 and the adoption of the common law thereafter. *Red River National Bank v. Ferguson,* 109 Tex. 287, 206 S.W.2d 923, 927 (1918). It is from the community nature of the debt based upon a contract in writing rather than through Section 5.61 that Appellee's liability arises. Section 5.61 is but a later codification of marital property law in Texas. For these reasons we hold as a matter of law that the four year statute of limitations under Tex.Rev.Civ.Stat.Ann. art. 5527, § 1 (Vernon 1976) prior to its amendment effective August, 1979, applies. The order of the District Court granting Appellee's First Motion for Partial Summary Judgment is affirmed. The order of the District Court granting Appellee's Second Motion for Summary Judgment is reversed and remanded to determine the sum of Appellee's liability for payments due after January 24, 1974, to the date of maturity of January 24, 1975, to the extent of the community property received upon partition of the community estate after her divorce from R. S. Royce in April, 1975.