Timothy Lane RUSH, Appellant,

v.

MONTGOMERY WARD, Appellee.

No. B14–87–638–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 1, 1988.

Rehearing Denied Sept. 29, 1988.

Kerry G. Fellows, Houston, for appellant.

Noel J. Kuester, Houston, for appellee.

Before PAUL PRESSLER,
DRAUGHN and ELLIS, JJ.

OPINION

ELLIS, Justice.

This is a sworn account case. Appellant Timothy Lane Rush appeals from a summary judgment entered in favor of the appellee, Montgomery Ward ["Ward"]. Ward sued appellant pursuant to Tex.R.Civ.P. 185. In two points of error, appellant maintains the trial court incorrectly granted Ward's motion for summary judgment. He questions the legal sufficiency of Ward's proof of the account and also maintains that because a divorce decree assigned the debt in question to his former wife, Ward failed to show it was entitled to judgment as a matter of law. We affirm.

Generally, a trial court properly renders summary judgment when the moving party meets two burdens: to establish there are no genuine issues of material fact which would require a trial on the merits; and to show entitlement to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). This court reviews a summary judgment by evaluating whether the moving party met these burdens. *Nixon*, 690 S.W.2d at 548. When summary judgment follows a suit on a sworn account, an additional controlling factor is whether the parties complied with the procedural requirements of Tex.R.Civ.P. 185. *See Sundance Oil Co. v. Aztec Pipe & Supply Co.*, 576 S.W.2d 780 (Tex.1978) (per curiam); *Requipco, Inc. v. Am–Tex Tank & Equip., Inc.*, 738 S.W.2d 299 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); *Enernational Corp. v. Exploitation Eng'rs*, 705 S.W.2d 749 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Compliance with Rule 185 entitles a litigant to rely on his pleadings as prima face proof of the debtor's obligation, unless the account debtor files a proper verified denial. *See Vance v. Holloway*, 689 S.W.2d 403, 404 (Tex.1985) (per curiam); *Rizk v. Fin. Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex.1979).

We will address appellant's points of error together. In his first point of error appellant attacks the evidentiary sufficiency of a computer printout attached to Ward's petition and motion for summary judgment. He argues Ward failed to support its burden of proof because it failed to provide a means of interpreting the printout. In his second point of error appellant maintains Ward has not shown it was entitled to summary judgment as a matter of law because a divorce decree assigned the obligation on the account in question to his former wife.

The procedural history of this case shows that Ward's petition complied fully with Rule 185. Ward filed a verified petition in which it alleged it had sold goods to or performed services for appellant based on a verified account arising out of the parties' business dealings. Ward attached a copy of a computer printout to its petition as evidence of its systematically kept record of the account, and stated that appellant had previously received monthly statements containing a copy of all sales tickets for purchases. Ward further alleged it was seeking a total of $1334 due plus interest and attorney's fees because its charges for the services or goods it furnished appellant were reasonable, because appellant had acquiesced to the total amount due by failing to object to each monthly statement within a reasonable time after receipt, and because appellant failed and continued to fail to pay the total amount due despite numerous requests and a formal demand thirty days prior. In an affidavit incorporated into the petition, Ward's attorney attested to his knowledge of the truth of the facts alleged in the petition, and averred that Ward had allowed all offsets, payments and credits.

Appellant responded by filing a pro se sworn general denial pursuant to Tex.R.Civ.P. 92. He conceded he and his former wife had opened the account in question during their marriage, but did not dispute the accuracy and correctness of the charges. Nor did he file special exceptions. In an attempt to satisfy the requirements of Rules 185 and 93(10), appellant disclaimed personal liability for the balance due on the account. Attaching a certified copy of his divorce decree to his answer, he argued the decree had awarded the Ward

account and the debt to his former wife, who had also signed the Ward credit agreement and who possessed the goods in question.

■ In a case such as this, where there is no evidence that the creditor agreed to look to the separate property of one of the spouses, Texas law presumes that debts incurred during marriage are community obligations. *See* TEX.FAM.CODE § 5.61(b)(2) (Vernon Supp.1988); *Cockerham v. Cockerham*, 527 S.W.2d 162, 171 (Tex.1975); *Villarreal v. Laredo Nat'l Bank*, 677 S.W. 2d 600, 607 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.); *Inwood Nat'l Bank v. Hoppe*, 596 S.W.2d 183, 185 (Tex.Civ.App. —Texarkana 1980, writ ref'd n.r.e.); *Anderson v. Royce*, 624 S.W.2d 621, 623 (Tex.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Accordingly, Texas courts have consistently held that a division of the community estate may not prejudice the rights of a creditor to satisfy a community debt. *Villarreal*, 677 S.W.2d at 607; *Hoppe*, 596 S.W.2d at 185; *Anderson*, 624 S.W.2d at 623; *Broadway Drug Store, Inc. v. Trowbridge*, 435 S.W.2d 268 (Tex.Civ. App.—Houston [14th Dist.] 1968, no writ), citing *Richey v. Hare*, 41 Tex. 336, 340 (1874); *Swinford v. Allied Fin. Co.*, 424 S.W.2d 298, 301 (Tex.Civ.App.—Dallas), *appeal dismissed*, 393 U.S. 923, 89 S.Ct. 253, 21 L.Ed.2d 259 (1968); L. Simpkins, 3 TEXAS FAMILY LAW § 20.16 (Speer's 5th ed. 1976 & Supp.1988); W. Williamson, *Liability of Separate and Community Property for Obligations of Spouses to Strangers*, § 8.11 at 437, 1 CREDITOR'S RIGHTS IN TEXAS (E. Cook, ed. 1981). *Cf.*, TEX.FAM.CODE § 5.46(a), recodified as 5.56(a) (Vernon Supp.1988) (marital agreement to partition or exchange in fraud of preexisting creditor is void).

■ Here the divorce decree made no attempt to disturb these familiar principles of liability. While the divorce decree required appellant and his former wife to pay the debts each had incurred, it also required each to indemnify the other for failure to do so. By requiring appellant and his former wife to reimburse each other for payments made to creditors, the divorce

court effectively and properly protected their creditors' rights. Because the provisions of the divorce decree did not cancel appellant's indebtedness to Ward, and because appellant's response to Ward's petition did not otherwise dispute his indebtedness, we hold that his response did not amount to a proper denial within the meaning of Rule 185. Since his response failed to dispute his liability as a matter of law, appellant failed to destroy the evidentiary effect of Ward's petition. *See Rizk*, 584 S.W.2d at 862. Appellant's second point of error is overruled.

■ Ward moved for summary judgment, again attaching a copy of its computer printout. Ward attached two affidavits to its motion. In the first affidavit, Ward's credit manager repeated the substance of Ward's pleadings and, in full compliance with TEX.R.CIV.EVID. 902(10), attested to the correctness of its business record of the account. Ward's attorney, who executed the second affidavit, attested to the reasonableness of $450 as his fee. Ward argued summary judgment in its favor was proper because its affidavits and the appellant's pleadings established the lack of material issues of fact. The trial court entered summary judgment in Ward's favor for $1334 plus interest and $450 attorney's fees.

Only in the affidavit accompanying his response to Ward's motion for summary judgment did appellant dispute the correctness and fairness of the charges, and demand additional proof of his liability. Because the combined effect of TEX.R.CIV.P. 185 and TEX.R.CIV.P. 93(10) required appellant to raise those claims in his answer, we hold that appellant raised his assertions too late. *Notgrass v. Equilease Corp.*, 666 S.W.2d 635, 637 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.), citing *Brightwell v. Barlow, Gardner, Tucker & Garsek*, 619 S.W.2d 249, 253 (Tex.Civ.App.— Fort Worth 1981, no writ) and *Zemaco, Inc. v. Navarro*, 580 S.W.2d 616, 620 (Tex.Civ. App.1979, writ dism'd).

To support his demand that Ward provide additional proof of his indebtedness, appellant insists the trial court erred by entering summary judgment in Ward's fa-

vor because Ward failed to accompany its computer printout statement of his account with an explanation of the abbreviations and code numbers appearing in it. Appellant waived this contention by failing to file special exceptions to Ward's petition. TEX. R.CIV.P. 185 (as amended); *Enernational Corp.*, 705 S.W.2d at 750. Appellant's first point of error is overruled.

The judgment of the trial court is affirmed.