midkiff 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-487-CV





LAURA MIDKIFF,



 APPELLANT


vs.





JOHN THOMAS MIDKIFF, II,



 APPELLEE




 




FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL

DISTRICT


NO. 084-90, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING



 




 Appellant Laura Midkiff appeals from an order modifying prior orders in a suit
affecting the parent-child relationship rendered by the district court of McCulloch County. We
will affirm the order of the district court.



DISCUSSION


 This is an action for modification of a joint managing conservatorship under Tex.
Fam. Code Ann. § 14.081 (West Supp. 1993). Laura and John Midkiff were divorced in 1986,
and Laura was appointed managing conservator of their two children. In 1989, John filed a
motion to modify. After some extensive sparring, the parties resolved their dispute, and an agreed
order was finally signed on February 13, 1990, naming them both as joint managing conservators
with virtually identical powers regarding the children. However, the court's order provided that
Laura would have "primary custody" and "possession" of the children as well as the sole right to
determine their residence.

 Two months later, Laura filed a new motion to modify the terms of the joint
managing conservatorship. She sought modification of her possessory periods and an increase in
child support. John answered with his own motion to modify, seeking appointment as sole
managing conservator of the children. In her first amended answer, Laura filed a special
exception to John's pleading, arguing that he had failed to allege that appointment of a sole
managing conservator would be a positive improvement for and in the best interest of the children
as required by Tex. Fam. Code Ann. § 14.081(d)(2) (West Supp. 1993).

 Laura failed to obtain a pretrial ruling on her special exception. When she objected
at trial to the introduction of evidence concerning positive improvement and best interest of the
children, the trial court overruled her objection and allowed John to make a trial amendment. 
John also made an alternative request for modification of the terms of the joint managing
conservatorship in addition to his original request for appointment as sole managing conservator.

 Based on evidence presented at the hearing, the trial court found that the
circumstances of the children and the parents had changed and that the existing order had become
unworkable. The court further found that a modification of the terms and conditions of the joint
managing conservatorship would be a positive improvement and in the best interests of the
children. The trial court again appointed both Laura and John as joint managing conservators,
but this time gave John the right to have physical custody of the children and to determine their
residence.

 Laura asserts in three points of error that both John's written motion to modify and
his subsequent trial amendment were ineffective, so that the trial court's order was not supported
by any pleading. We disagree.

 By failing to obtain a ruling on her special exception, she waived these complaints. 
Tex. R. Civ. P. 90; see also Swinford v. Allied Fin. Co., 424 S.W.2d 298 (Tex. Civ.
App.--Dallas, writ dism., cert denied, 393 U.S. 923 (1968). Furthermore, John's trial
amendment, which was allowed by the court, cured any pleading defects. Tex. R. Civ. P. 66. 
Finally, in matters concerning the custody of children, the trial court's primary consideration is
the best interest of the children, and technical rules of practice and pleading are of little
importance. Poulter v. Poulter, 565 S.W.2d 107, 111 (Tex. Civ. App.--Tyler 1978, no writ); see
also Tex. Fam. Code Ann. § 14.07(a) (West Supp. 1993).

 All of Laura's points of error are overruled. We affirm the final order of the trial
court.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: January 13, 1993

[Do Not Publish]