# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00432-CV

**Ismail Boodhwani, Appellant**

**v.**

**William Bartosh, D.D.S., Appellee**

### FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY
### NO. 01C317-L, HONORABLE DAVID B. READ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ismail Boodhwani appeals from the summary judgment awarded William Bartosh, D.D.S. The county court at law concluded that Boodhwani owed Bartosh $4401, plus pre- and post-judgment interest, for dental work performed. The county court at law also awarded Bartosh $2500 in attorney=s fees. Boodhwani contends that the county court at law erred by rendering summary judgment because Bartosh=s motion for summary judgment was premature and genuine issues of material fact existed regarding Boodhwani=s liability. We will affirm the judgment.

Boodhwani sought and received treatment from Bartosh for damage to his temporal mandibular joint suffered in a car wreck. Bartosh eventually sued Boodhwani in justice court to collect for these services rendered. The justice court rendered a default judgment for Bartosh on August 28, 2001, awarding him $4401. Boodhwani filed a notice of appeal and an appeal bond on August 30, 2001, seeking

a trial de novo in the county court at law. On September 24, 2001, the justice court forwarded the transcript of judgment to the county court at law after resolving a dispute over the sufficiency of the appeal bond.

In the county court at law, Bartosh filed a petition on sworn account on October 9, 2001, then filed his motion for summary judgment on October 19, 2001. Boodhwani filed an unsworn general denial on November 7, 2001, and filed a response to the motion for summary judgment, accompanied by exhibits and Boodhwani=s affidavit, on December 6, 2001. The county court at law granted summary judgment to Bartosh on May 16, 2002.

Boodhwani contends that the county court at law should not have granted Bartosh=s motion because it was filed prematurely. The rules of civil procedure permit a party to move for summary judgment Aat any time after the adverse party has appeared *or* answered.@ Tex. R. Civ. P. 166a(a) (emphasis provided). Boodhwani appeared in the action by filing the appeal bond. *See Advance Imports, Inc. v. Gibson Prods. Co.*, 533 S.W.2d 168, 171 n.2 (Tex. Civ. App.CDallas 1976, no writ); *Hairston & Peters v. Southern P. Ry.*, 94 S.W. 1078, 1078 (Tex. Civ. App.CDallas 1906, no writ). Bartosh=s motion for summary judgmentCfiled several weeks after Boodhwani appeared on August 30, 2001 by filing the appeal bondCwas not premature.

Boodhwani also complains that the county court at law erred by granting summary judgment because the evidence he attached to his summary-judgment response showed that a genuine issue of material fact exists. Boodhwani, however, did not file a sworn denial in response to Bartosh=s suit on sworn account supported by Bartosh=s affidavit. A defendant who does not file a sworn denial to a properly filed suit on sworn account cannot dispute the accuracy of the stated charges. *See* Tex. R. Civ. P. 93(10), 185;

**2**

*Vance v. Holloway*, 689 S.W.2d 403, 404 (Tex. 1985); *Huddleston v. Case Power & Equip. Co.*, 748 S.W.2d 102, 103 (Tex. App.CDallas 1988, no writ).  A sworn denial filed in a response to a motion for summary judgment is not sufficient.  *Cooper v. Scott Irrigation Const., Inc.*, 838 S.W.2d 743, 745-46 (Tex. App.CEl Paso 1992, writ denied); *Rush v. Montgomery Ward*, 757 S.W.2d 521, 523 (Tex. App.CHouston [14th Dist.] 1988, writ denied); *Zemaco, Inc. v. Navarro*, 580 S.W.2d 616, 620 (Tex. Civ. App.CTyler 1979, writ dism=d w.o.j.).  A properly filed suit on sworn account is prima facie evidence that the defendant owes the amounts claimed.  *See* Tex. R. Civ. P. 185; *Rush*, 757 S.W.2d at 523.  The county court at law did not err by granting summary judgment to Bartosh.

We affirm the judgment.

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:  March 6, 2003

3