TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00432-CV






Ismail Boodhwani
, Appellant



v.



William Bartosh, D.D.S.
, Appellee






FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY


NO. 01C317-L, HONORABLE DAVID B. READ, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N




 Ismail Boodhwani appeals from the summary judgment awarded William Bartosh,
D.D.S. The county court at law concluded that Boodhwani owed Bartosh $4401, plus pre- and post-judgment interest, for dental work performed. The county court at law also awarded Bartosh $2500
in attorney's fees. Boodhwani contends that the county court at law erred by rendering summary
judgment because Bartosh's motion for summary judgment was premature and genuine issues of
material fact existed regarding Boodhwani's liability. We will affirm the judgment.

 Boodhwani sought and received treatment from Bartosh for damage to his temporal
mandibular joint suffered in a car wreck. Bartosh eventually sued Boodhwani in justice court to
collect for these services rendered. The justice court rendered a default judgment for Bartosh on
August 28, 2001, awarding him $4401. Boodhwani filed a notice of appeal and an appeal bond on
August 30, 2001, seeking a trial de novo in the county court at law. On September 24, 2001, the
justice court forwarded the transcript of judgment to the county court at law after resolving a dispute
over the sufficiency of the appeal bond.

 In the county court at law, Bartosh filed a petition on sworn account on October 9,
2001, then filed his motion for summary judgment on October 19, 2001. Boodhwani filed an
unsworn general denial on November 7, 2001, and filed a response to the motion for summary
judgment, accompanied by exhibits and Boodhwani's affidavit, on December 6, 2001. The county
court at law granted summary judgment to Bartosh on May 16, 2002.

 Boodhwani contends that the county court at law should not have granted Bartosh's
motion because it was filed prematurely. The rules of civil procedure permit a party to move for
summary judgment "at any time after the adverse party has appeared or answered." Tex. R. Civ. P.
166a(a) (emphasis provided). Boodhwani appeared in the action by filing the appeal bond. See
Advance Imports, Inc. v. Gibson Prods. Co., 533 S.W.2d 168, 171 n.2 (Tex. Civ. App.--Dallas
1976, no writ); Hairston & Peters v. Southern P. Ry., 94 S.W. 1078, 1078 (Tex. Civ. App.--Dallas
1906, no writ). Bartosh's motion for summary judgment--filed several weeks after Boodhwani
appeared on August 30, 2001 by filing the appeal bond--was not premature.

 Boodhwani also complains that the county court at law erred by granting summary
judgment because the evidence he attached to his summary-judgment response showed that a
genuine issue of material fact exists. Boodhwani, however, did not file a sworn denial in response
to Bartosh's suit on sworn account supported by Bartosh's affidavit. A defendant who does not file
a sworn denial to a properly filed suit on sworn account cannot dispute the accuracy of the stated
charges. See Tex. R. Civ. P. 93(10), 185; Vance v. Holloway, 689 S.W.2d 403, 404 (Tex. 1985);
Huddleston v. Case Power & Equip. Co., 748 S.W.2d 102, 103 (Tex. App.--Dallas 1988, no writ). 
A sworn denial filed in a response to a motion for summary judgment is not sufficient. Cooper v.
Scott Irrigation Const., Inc., 838 S.W.2d 743, 745-46 (Tex. App.--El Paso 1992, writ denied); Rush
v. Montgomery Ward, 757 S.W.2d 521, 523 (Tex. App.--Houston [14th Dist.] 1988, writ denied);
Zemaco, Inc. v. Navarro, 580 S.W.2d 616, 620 (Tex. Civ. App.--Tyler 1979, writ dism'd w.o.j.). 
A properly filed suit on sworn account is prima facie evidence that the defendant owes the amounts
claimed. See Tex. R. Civ. P. 185; Rush, 757 S.W.2d at 523. The county court at law did not err by
granting summary judgment to Bartosh.

 We affirm the judgment.



 

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: March 6, 2003