Opinion filed May 4, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed May 4, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00139-CV 

 

                                                    __________

 

                                 MARTHA DAVIS MOCK, Appellant

 

                                                             V.

 

                                   ROBERT
JAMES MOCK, Appellee

 



 

                                         On
Appeal from the 301st District Court

 

                                                          Dallas
County, Texas

 

                                                 Trial
Court Cause No. 03-04564

 



 

                                                                   O
P I N I O N

This appeal arises from a divorce proceeding.  Martha Davis Mock raises two points of
error.  In the first point, appellant
argues that the trial court erred in characterizing a savings account as
community property instead of as her separate property and in awarding some of
the funds in the account to Robert James Mock. 
In the second point, appellant argues that the trial court erred in
ordering her to pay credit card debts that appellee incurred in his name.  We affirm.

 

 








                                                               Background
Facts

Appellant and appellee were married on September
27, 1986.  They have two daughters.  At the time of trial, appellant had been employed
as a school teacher for twenty-six years. 
Appellee had been employed by the United States Postal Service
throughout the marriage.  Appellant and
appellee maintained separate bank accounts and credit card accounts during the
marriage, and they shared expenses during the marriage.

                                                            Credit
Union Account

Appellant maintained a savings account solely in
her name at the Credit Union of Texas. 
At the time of trial, the savings account had a balance of $39,654.  Appellant argues that the trial court erred
in characterizing the account as community property and in awarding $29,827 in
the account to appellee.

Appellant testified that she deposited $150 a
month from her paycheck into the account. 
She said that she had been making this monthly deposit for such a long
period of time that she could not remember when she started making it.  Appellant agreed that the $150 deposits were
community property.  Appellant also
testified that her father, Robert Davis, gave her yearly gifts in the amount of
$10,000 in the form of checks.  She said
that she deposited the gift checks from Davis into the savings account.  However, appellant did not testify as to how
many of these gift checks she had deposited into the savings account.  Appellant said that she had used funds from
the savings account to purchase Texas Tomorrow Funds B
totaling $22,000 B for her
daughters.  Appellant did not present any
documentary evidence relating to the account, nor did she present any of the
gift checks from Davis.  

Davis testified that he had been making gifts to
appellant for ten years.  He said that
the gifts were for Abasically
$10,000 a year@ and that
the gifts were either by check, property, or transfer.  For example, Davis said that he gave
appellant land in Gunter, Texas, and shares of stock in Texas Instruments.  Davis believed that he had given appellant
gifts of stock in two years.  He said
that, when he gave appellant gifts of money, he gave her checks and that
appellant deposited the checks. Davis did not testify as to how many gift
checks he had given appellant over the years.








Appellee testified that he knew appellant deposited
$150 a month into the savings account. He said that he did not know whether
appellant deposited gift checks from her father into the account.  Appellee said that he really did not know Awhat=s
going in and out of that account.@

Property possessed by either spouse during or on
dissolution of marriage is presumed to be community property.  Tex.
Fam. Code Ann. '
3.003(a) (Vernon 1998).  To rebut this
presumption, the person seeking to prove the separate character of the property
must do so by clear and convincing evidence. 
Section 3.003(a).  AClear and convincing@ evidence means the measure or degree
of proof that will produce in the mind of the trier of fact a firm belief or
conviction as to the truth of the allegations sought to be established.   In re C.H., 89 S.W.3d 17, 25 (Tex.
2002).

Appellant contends that she proved the separate
nature of the savings account by clear and convincing evidence.  Separate property is property owned by a
spouse before marriage or acquired by a spouse by gift, devise, or descent
during the marriage.  Tex. Fam. Code Ann. ' 3.001 (Vernon 1998).  Appellant asserts that the gift checks from
her father were her separate property. 
She acknowledges that the gifts were commingled in the account with community
property B $150 a
month from her paycheck.  Appellant
contends that she deposited gifts into the account in excess of the account
balance of $39,654.  Therefore, she
asserts that the balance of $39,654 is her separate property under the
community-out-first rule.  Under this
rule, courts presume that separate funds in a commingled account sink to the
bottom of the account and that community funds are withdrawn first.  See Hill v. Hill, 971 S.W.2d 153, 158
(Tex. App.CAmarillo
1998, no pet.).








A party seeking to rebut the community presumption
must trace the assets on hand during the marriage back to property that,
because of its time and manner of acquisition, is separate in character.  Cockerham v. Cockerham, 527 S.W.2d
162, 167 (Tex. 1975); Boyd v. Boyd, 131 S.W.3d 605, 611 (Tex. App.CFort Worth 2004, no pet.).  Tracing involves establishing the separate
origin of the property through evidence showing the time and means by which the
spouse originally obtained possession of the property.  Boyd, 131 S.W.3d at 612.  Appellant testified that she deposited a
$10,000 gift check from Davis into the account every year; however, she did not
testify as to how many years she made these deposits.  According to Davis=s
testimony, he did not give appellant a $10,000 check on a yearly basis.  Instead, he said that in some years he gave
her land or stock.  Therefore, appellant=s evidence failed to show the amount of
separate funds that she deposited into the savings account.  Appellant did not produce any records tracing
the deposits to the account or the withdrawals from the account.  As a general rule, testimony that funds are
separate property without any tracing of the funds is insufficient to rebut the
community presumption.  Boyd, 131
S.W.3d at 612.  Appellant failed to trace
the assets in the account with any documentary evidence.  In the absence of such evidence, appellant
did not meet her burden of establishing by clear and convincing evidence that
the balance in the savings account was her separate property.  Therefore, the trial court did not err in
characterizing the savings account as community property and in awarding
$29,827 in the savings account to appellee. 
We overrule appellant=s
first point.

Credit Card Debt

In her second point, appellant complains that the
trial court erred in ordering her to pay credit card debts that were solely in
appellee=s
name.  The evidence showed that, during
the marriage, appellee acquired several credit cards solely in his name.  Appellant said that she did not sign any
contracts relating to appellee=s
credit cards.  Appellee had credit card
debt of about $32,000 when he and appellant separated; and, by the time of
trial, appellee=s credit
card debt had risen to about $55,000. 
The trial court ordered appellant to pay $26,204 in credit card debts
and loans that appellee incurred in his name.

Appellant relies on Section 3.201 of the Family
Code in arguing that the trial court erred in ordering her to pay appellee=s credit card debts.  See Tex.
Fam. Code Ann. '
3.201 (Vernon 1998).  Section 3.201
limits spousal liability for debts incurred during the marriage.  However, appellant=s
argument fails to recognize the distinction between community liability for a
debt and personal liability for a debt.  See
Cockerham, 527 S.W.2d at 171.[1]  If a spouse is not personally liable for a
debt, the creditor may not reach that spouse=s
separate property to satisfy the debt.  Tex. Fam. Code Ann. '' 3.201-.202 (Vernon 1998).  Unless it is shown that the creditor agreed
to look solely to the separate estate of the contracting spouse for
satisfaction, Section 3.201 has no effect on the long-standing presumption that
debts contracted during the marriage are presumed to be on the credit of the
community and, thus, are joint community obligations.  See Cockerham, 527 S.W.2d at 171; Kimsey
v. Kimsey, 965 S.W.2d 690, 702 (Tex. App.CEl
Paso 1998, pet. denied).








Appellant does not dispute that appellee incurred
the debts at issue during the marriage. 
Therefore, the debts are presumptively community obligations.  While the trial court ordered appellant to
pay some of appellee=s
credit card debts, the trial court also awarded community property to
appellant.  Section 3.202(c) of the
Family Code provides that Acommunity
property subject to a spouse=s
sole or joint management, control, and disposition is subject to the
liabilities incurred by the spouse before or during marriage.@ 
Thus, community property that was under appellee=s
sole or joint management during the marriage may be reached to satisfy debts
incurred solely by appellee.  Section
3.202; see also Anderson v. Royce, 624 S.W.2d 621, 623 (Tex. App.C Houston [14th Dist.] 1981, writ ref=d n.r.e.).  Section 3.102 of the Family Code defines sole
management and joint management community property.  Tex.
Fam. Code Ann. '
3.102 (Vernon 1998).  The record does not
demonstrate that the community property awarded to appellant did not include
property subject to appellee=s
sole management or joint management during the marriage.  Therefore, we find that the trial court did
not err in ordering appellant to pay debts that were solely in appellee=s name. 
We overrule appellant=s
second point.

                                                               This
Court=s Ruling

We affirm the judgment of the trial court.

 

 

TERRY McCALL

JUSTICE

 

May 4, 2006

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.











[1]Appellant cites a number of cases in which creditors
attempted to collect debts.  These cases
did not involve the division of community liabilities upon divorce, and,
therefore, the cases do not apply.