**TARRANT WHOLESALE DRUG COMPANY, Appellant,**

v.

**L. P. McGINNIS et al., Appellees.**

No. 12892.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 30, 1955.

Rehearing Denied Dec. 28, 1955.

James L. Lattimore, Corpus Christi, for appellant.

Werner A. Gohmert, Alice, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Tarrant Wholesale Drug Company, a corporation, upon a sworn account, against L. P. McGinnis and M. Roegel, for merchandise consisting of liquors of the total value of $1,426.50. The trial was before the court without a jury and resulted in judgment in plaintiff's favor against L. P. McGinnis for the amount sued for, but no recovery was allowed against defendant Marvin E. Roegels. Tarrant Wholesale Drug Company has appealed from that part of the judgment which denied it a recovery against Marvin E. Roegels.

 Appellant's first contention is that the court erred in failing to render judgment against appellee Roegels because appellant's suit was based upon a sworn account which was not denied under oath by Roegels.

Appellee Roegels has not favored us with a brief and we therefore accept appellant's statement of the case as being correct. Rule 419, Texas Rules of Civil Procedure. We adopt the following statement of appellant:

"Appellant's original petition shows that this was a suit on a sworn account as against both defendants, Roegels and McGinnis—the account itself names 'B & R Liquor Store' as the purchaser. Appellee's first amended original answer does not contain a denial under oath of the account.

"The sworn account 'Exhibit A' was introduced into evidence. Appellant then offered the petition in cause number 9905 on the docket of the court, styled 'State of Texas versus L. P. McGinnis and Melvin Roegels.' Also, the judgment in such cause was introduced.

"These proceedings show that Roegels and McGinnis were sued and the stock of liquor confiscated. The petition recites that McGinnis, on January 15, 1954, was permitting his pack-

age store permit for the B. & R. Package Store to be used in the operation of a business conducted by another person not authorized by law to have an interest therein. The merchandise listed therein is also listed in plaintiff's account, as to brand name and volume.

"The petition in the forfeiture suit further recites that Roegel had violated the Liquor Act by illegally possessing for sale such liquor at the B. & R. Package Store without having a permit; that on January 13 (the same day a large quantity of liquor was sold by appellant) he had, through Martinez, his agent, unlawfully sold some of the liquor to an agent of the Board.

"The judgment in the forfeiture suit recited that the allegations of the petition were true, that Roegels possessed, for the purpose of sale, the confiscated liquor at the B. & R. Package Store, and that he did not have a permit.

"Appellee's name appears at the bottom of one of the invoices. Tomas Martinez's name appears on the other. Appellee's original answer admits ownership of the store, by stating that 'Defendant would show that plaintiff had knowledge of the fact that *Melvin E. Roegels was the true owner of the B. & R. Package Store* and operating the same in the name of L. P. McGinnis, which method of operation was illegal.' His first amended original answer, in effect, likewise admits ownership by stating that the sale would be an illegal transaction, that plaintiff had knowledge of the ownership, and it could have recovered the liquor and minimized its loss."

Under the facts in this case, the trial court should also have rendered judgment against Marvin E. Roegels, as he made no legal defense to the sworn account.

Accordingly, that part of the judgment appealed from will be reversed and judgment here rendered in favor of appellant against appellee, Marvin E. Roegels, for the full amount sued for.

That part of the judgment not appealed from is affirmed.