**STATE of Texas, Appellant,**

**v.**

**Alva MORRIS, Guardian of the Estate of James A. Morris, non compos mentis, Appellee.**

**No. 3342.**

Court of Civil Appeals of Texas.

Eastland.

May 31, 1957.

Rehearing Denied June 21, 1957.

W. O. Smyth, Austin, George Hansard, County Atty., Lamesa, John H. Minton, Jr., Asst. Atty. Gen., for appellant.

R. Stansell Clement, Lamesa, for appellee.

GRISSOM, Chief Justice.

On March 24, 1933, James A. Morris was adjudged to be of unsound mind and he was committed to the Wichita Falls State Hospital on April 4, 1933. He has remained in said hospital and the Big Spring State Hospital since that time. Until April 25, 1953, he owned no property. On that date he inherited from his mother more than $10,000. The State has sued his estate for the expense of his support, maintenance and treatment as a patient in said hospitals for all of said period of time. In a trial to the court judgment was rendered for the State for such support, maintenance and treatment only from the date that he acquired said property. The State has appealed.

The position of the State is simply that when said indigent patient acquired property and became able to pay, he was responsible for his maintenance and treatment prior to the time that he owned any property. Appellee contends that since Morris was an indigent patient until the twenty-fifth day of April, 1953, that no debt accrued against his estate for such maintenance and support by the State prior to the time he became a non-indigent patient. Article 3196a, Section 1, Vernon's Ann.Civ.St. provides that indigent patients "shall be supported at the expense of the State" and that non-indigent patients "shall be kept and maintained at the expense of the State, as in the first instance, but in such cases the State shall have the right to be reimbursed for the support, maintenance, and treatment of such patients".

The State's right to reimbursement for the maintenance and treatment of insane persons exists only by virtue of the statutory grant of that right. Wiseman v. State, Tex.Civ.App., 94 S.W.2d 265 (Writ Ref.).

The State contends that Article 3196a granted it the right to reimbursement by the patient, whether indigent or non-indigent whenever and however he became able to pay, for his maintenance and treatment in State hospitals and that it is, therefore, immaterial when Morris ceased to be an indigent patient and became a non-indigent patient. The State cites cases from other jurisdictions that seem to support this contention. However, most of said decisions are based upon statutes that either differ from those of Texas or are unavailable to us. The decisions in State v. Stone, Tex.Civ.App., 290 S.W.2d 761 (RNRE) and Tex.Civ.App., 271 S.W.2d 741, while not decisive of the question, tend to support the judgment rendered. They simply hold that the parents of an insane person, who was supported and treated in a State hospital, were only liable for his support when the time of the parents' ability and time of support and treatment coincided. In other words, that the parents were not liable, regardless of their present ability, for reimbursement to the State for support and treatment during the time the parents were not able to pay. See also State v. Waddill, Tex.Civ.App., 286 S.W.2d 680, 683 and Dupree v. State, Tex.Civ.App., 275 S.W.2d 556, 558. We think that Article 3196a does not grant to the State the right to reimbursement from an insane patient for the support and treatment given him while he was an indigent patient. The judgment is affirmed.