R. H. FINNEY, Administrator of the Estate of Carrie C. Breckeen, Dec'd, Appellant,

v.

The STATE of Texas, Appellee.

No. 10530.

Court of Civil Appeals of Texas.

Austin.

Dec. 18, 1957.

Rehearing Denied Jan. 8, 1958.

---

Cox, Brown & Daniel, Temple, for appellant.

Will Wilson, Atty. Gen., C. K. Richards, John H. Minton, Jr., Asst. Attys. Gen., for appellee.

GRAY, Justice.

Appellee sued appellant to recover for support, maintenance and treatment furnished W. C. Breckeen, Deceased, while a patient in the Austin State Hospital, the Confederate Home for Men at Austin and the Terrell State Hospital.

At a nonjury trial appellee recovered judgment for $3,610.98 upon an agreed statement of facts.

W. C. Breckeen and Carrie C. Breckeen were husband and wife and during their marriage W. C. Breckeen was adjudged to be a person of unsound mind and on or about September 8, 1948, he was admitted to the Austin State Hospital. Afterwards he was transferred to the Texas Confederate Home for Men at Austin and later to the Terrell State Hospital where he died June 1, 1955. The amount due for his support, maintenance and treatment was $3,-610.98 and he did not own an estate sufficient to pay that amount.

Carrie C. Breckeen survived her husband and was possessed of property, admittedly her separate estate, of a value in excess of $10,000. Upon her death, January 18, 1956, she left this estate and appellant, R. H. Finney, was appointed her administrator. During all of the time that W. C. Breckeen was a patient in the above institutions and now, the separate estate of Carrie C. Breckeen was and is sufficient to pay for the support, maintenance and treatment furnished him.

Sec. 2 of art. 3196a, Vernon's Ann.Civ. St., provides:

"Where the patient has no sufficient estate of his own, he shall be maintained at the expense:

"Of the husband or wife of such person, if able to do so; * * *"

The points presented by this appeal question the validity of the liability of the wife and her separate estate created by section 2 supra.

Art. 3196a supra was passed by the 45th Legislature in 1937. Acts 1937, 45th Leg., Ch. 152, p. 293. Section 6 of the Act in part provides that:

"Article 3189, Revised Civil Statutes of Texas of 1925, and all laws and parts of laws in conflict with this Act, be and they are hereby expressly repealed."

Appellant's three points are to the effect that: (1) the indebtedness sued on is a community debt of W. C. Breckeen for which the separate property of the wife is not liable under art. 4616, Vernon's Ann.

Civ.St., (2) art. 4616 supra is not expressly or impliedly repealed by art. 3196a, and (3) art. 3196a does not purport to make the indebtedness sued on an original debt of the wife but attempts to make the wife liable for an original debt of the husband.

Art. 4616 Vernon's Ann.Civ.St. is:

"Neither the separate property of the wife, nor the rents from the wife's separate real estate, nor the interest on bonds and notes belonging to her, nor dividends on stocks owned by her, nor her personal earnings, shall be subject to the payment of debts contracted by the husband nor of torts of the husband."

Appellant cites Sec. 15 of art. 16, Texas Constitution, Vernon's Ann.St. We quote this section as it read in 1937:

"All property, both real and personal, of the wife, owned or claimed by her before marriage, and that acquired afterward by gift, devise or descent, shall be her separate property; and laws shall be passed more clearly defining the rights of the wife, in relation as well to her separate property as that held in common with her husband. Laws shall also be passed providing for the registration of the wife's separate property."

By constitutional amendment adopted November 2, 1948 the above wording was adopted except that the clause "shall be her separate property" was changed to "shall be the separate property of the wife," omitting the last sentence and adding provisions not material here. Then in 1937 the Constitution did, and it does now, define the separate property of the wife but without expressly limiting her liability. Instead the Constitution did and does now direct that "laws shall be passed more clearly defining the rights of the wife, in relation" to her separate property and that held in common with the husband. In obedience to this direction the Legislature

passed art. 4616 and subsequently in 1937 art. 3196a was passed. The 1937 Act expressly makes the wife liable for the debt here sued on but it does not mention art. 4616.

Appellant says that in order to hold the separate property of Carrie C. Breckeen liable for the payment of the indebtedness here sued on it is "necessary to find as a matter of law that Art. 4616 had been repealed expressly or impliedly by the enactment of Article 3196a." Appellant necessarily argues that art. 4616 and 3196a are in conflict.

"It is only where acts are so inconsistent as to be irreconcilable that a repeal by implication will be indulged. If there exists such conflict, then there is a presumption of the intention to repeal all laws and parts of laws in conflict with the clear intention of the last act. This is necessarily true where both acts cannot stand as valid enactments." Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063, 1064. Popham v. Patterson, 121 Tex. 615, 51 S. W.2d 680. 39 Tex.Jur., Sec. 74, p. 139.

 Regardless of how we may classify the indebtedness here sued on, whether a debt of the husband or a debt of the wife, it is clear that by enacting art. 3196a the Legislature undertook to make the wife liable for its payment upon the conditions shown to here exist. To this extent then Article 3196a is in conflict with Article 4616 and the presumption prevails that it was the intention of the Legislature to repeal Article 4616 to such extent. And regardless of what the statutory law may have been prior to the enactment of art. 3196a the Legislature had the power to change it and thereby increase the wife's liability. Red River National Bank v. Ferguson, 109 Tex. 287, 206 S.W. 923.

The judgment of the trial court is affirmed.

Affirmed.