**BROADWAY DRUG STORE OF GALVESTON, INC., Appellant,**

v.

**Marilyn A. TROWBRIDGE and John B. Trowbridge, Appellees.**

**No. 173.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 27, 1968.

Henry G. Dalehite, Jr., Markwell, Stubbs, Decker, Dalehite & Youngblood, Galveston, for appellant.

E. A. Apffel, Jr., McLeod, Alexander, Powel & Apffel, Galveston, Daniel E. O'Connell, Houston, for appellees.

SAM D. JOHNSON, Justice.

Marilyn A. Trowbridge brought a suit for divorce against her husband, John B. Trowbridge. Broadway Drug Store of Galveston filed a plea in intervention on a sworn account in the sum of $523.24 against both the plaintiff, Marilyn A. Trowbridge, and the defendant, John B. Trowbridge. Though citation was served upon both, neither the plaintiff nor the defendant filed any answer to the plea in intervention.

On final hearing, a decree of divorce was obtained by the plaintiff, Marilyn A. Trowbridge, against her husband. There is no issue on this appeal concerning the divorce between the plaintiff and defendant. The only issue here concerns the petition in intervention. Judgment was granted to the intervenor, Broadway Drug, in the divorce decree. Such judgment, however, was against the defendant, John B. Trowbridge, only, and no judgment was granted to the intervenor against the plaintiff, Marilyn A. Trowbridge. In its findings of fact the trial court found that the debt owing to intervenor was a community debt and community obligation of the plaintiff and defendant. As a conclusion of law the court determined that in dividing the community property, intervenor's debt was to be borne and satisfied by the defendant, John B. Trowbridge.

It is the substance of intervenor's first three points of error that the trial court erred in failing to render judgment against the plaintiff, Marilyn A. Trowbridge, although judgment was rendered against the defendant, John B. Trowbridge.

It is initially clear that the coverture of the wife is not available as a defense in this instance. " * * * the Legislature has removed all impediments previously existing to the power and authority of a married woman to contract, and to bind her separate estate, and to sue and be sued, by reason of her status as a married woman." Kitten v. Vaughn, Tex.Civ.App., 397 S.W.2d 530, no writ hist.; Swinford v. Allied Finance Company of Casa View, Tex.Civ.App., 424 S.W.2d 298, writ dismd.; Arts. 4624 and 4626, V.A.C.S.

Rule 185, Texas Rules of Civil Procedure, provides for suit on a sworn account supported by an affidavit to be taken as a prima facie evidence of the account. In the absence of a written denial under oath the other party is not permitted to deny the claim. Rule 93(k), Texas Rules of Civil Procedure, further provides that a pleading shall be verified by affidavit which sets up that an account which is the foundation of the plaintiff's action, and supported by an affidavit is not just.

In Collins v. Kent Coffey Manufacturing Company, Tex.Civ.App., 380 S.W.2d 59, err. ref., the defendant filed an unverified answer to a sworn account. The court held that plaintiff was entitled to a summary judgment on its sworn account, saying, "Appellant, having failed to 'file such affidavit', as required by Rule 185, he could not deny appellee's claim and there was no genuine issue of material fact as to whether appellant was lawfully chargeable with a portion of the account or whether he was entitled to the alleged offset." A somewhat similar result was reached in Tarrant Wholesale Drug Company v. McGinnis, Tex.Civ.App., 285 S.W.2d 235, no writ hist., where suit was brought against two parties, one of whom did not deny the sworn account under oath. The court held that the plaintiff was entitled to judgment against such party in that no legal defense to the claim was made by him. In the instant case Mrs. Trowbridge did not deny the account under oath, made no defense to the sworn account, and did not respond to the citation. Intervenor was clearly entitled to a judgment against her unless the court had the discretion to deny judgment to a creditor against one of the parties to a divorce, because of the court's discretion in dividing community property between the parties to such divorce.

We are of the opinion that the trial court could not prejudice the rights

of a creditor in making the division. "The division of the property between the husband and wife was an incident to the divorce, and was authorized by the statute, *yet it must be done in subordination to the rights of creditors* having claims on the community property, and which may be liable for debts." (Emphasis added). Richey v. Hare, 41 Tex. 336, 340. "The court in a divorce action has no power to disturb the rights which creditors lawfully have against the parties." Swinford v. Allied Finance Company of Casa View, supra.

In Speer's Marital Rights in Texas, Divorce, Sec. 840, it is stated, "The rights of any owner in property, aside from the exempt property, are, in a very important sense, subordinate to the rights of his creditors. Creditors without lien have no interest in the disposition of the exempt property of the debtor, and cannot, therefore, complain if the District Court on rendering a decree of divorce divides such property between its owners. But as to property not exempt, and upon which creditors might lawfully levy a writ for the satisfaction of their demands, *the court has no power to award the same to their prejudice.*

"The power to partition, having due regard for the community debts, necessarily includes the power to order one of the parties to pay such debts, for which just allowance should be made in the partition. *And while the court could not thus prejudice creditors,* as between the husband and wife, he may set apart to the one property entirely free from the community debts." (Emphasis added).

 We determine therefore that intervenor was entitled to a judgment on its sworn account against both plaintiff and defendant, and that although the court had discretion in dividing property between plaintiff and defendant to provide that the defendant should pay intervenor's debt, the court could not thereby prejudice intervenor's right to judgment against Mrs. Trowbridge.

 Appellant's final point of error is directed at the failure of the trial court's judgment to provide for interest. Interest on the judgment runs, however, at 6% from the effective date thereof where the judgment contains no reference to interest. Art. 5072, V.A.C.S.; Carter v. McHaney, Tex.Civ.App., 373 S.W.2d 82, no writ hist.

The judgment of the trial court relative to intervenor's claim is reversed and judgment is rendered for appellant against both the plaintiff, Marilyn A. Trowbridge, and the defendant, John B. Trowbridge, in the sum of $532.24, plus interest from May 3, 1968, the date of the trial court's judgment.

Reversed and rendered.