Mary Jane **GLASSCOCK**, Appellant,

v.

**CITIZENS NATIONAL BANK** et al., Appellees.

No. 1018.

Court of Civil Appeals of Texas, Tyler.

June 9, 1977.

Rehearing Denied July 7, 1977.

C. H. Gilmer, Rocksprings, for appellant.

Patrick J. Pape, San Antonio, for appellees.

McKAY, Justice.

This case arises out of a suit by appellees, Citizens National Bank of San Antonio and Jess McNeel, against Thomas F. Glasscock (Glasscock) seeking to set aside a deed from Thomas F. Glasscock to his wife, Mary Jane Glasscock, appellant, covering his interest in the community in lands in Edwards County, Texas, alleging such conveyance to have been for the purpose of hindering, delaying and defrauding appellees. Appellant's answer alleged, among other things, such suit constituted a collateral attack on a prior judgment of the 63rd District Court of Edwards County, Texas, divorcing appellant from Glasscock and approving the property settlement made between them. The trial court granted judgment on the jury verdict for appellees, declaring the said conveyance void.

Appellant brings two points of error, the second being subdivided into two parts. Point one complains that the trial court erred in overruling appellant's "plea to the court for an instructed verdict showing this suit to be a collateral attack upon the prior valid, final judgment of such Court." Point two complains that the trial court erred in overruling appellant's motion for new trial "(a) for plaintiffs' failure to make lessees in possession of the property in question parties to such suit, they being necessary and indispensable parties; (b) because of irreconcilable conflict in the jury answers to Special Issues Nos. 4 and 5." [1] With these in mind we will examine the facts.

On December 15, 1973, Glasscock executed a warranty deed conveying his interest in and to approximately 3,270 acres of land which was community property to appellant. The consideration recited in this conveyance was "in settlement and reimbursement of advances to me by Mary Jane Glasscock, my wife, from her separate property and estate." No mention was made in the deed of an anticipated divorce between Glasscock and appellant. On May 8, 1974, appellant filed her petition for divorce with the 63rd District Court of Edwards County,

---

1. "SPECIAL ISSUE NO. 4

"Do you find from a preponderance of the evidence that the conveyance of December 15, 1973, was executed by Thomas F. Glasscock with intent to hinder or delay the following in the collection of their debt, if any?

"ANSWER 'YES' OR 'NO' TO EACH.

|  | ANSWER |
|---|---|
| "a. Citizen's National Bank of San Antonio | 'Yes' |
| "b. Jess McNeel | 'Yes' |

"SPECIAL ISSUE NO. 5

"Do you find from a preponderance of the evidence that the conveyance of December 15, 1973, was executed by Thomas F. Glasscock with intent to defraud the following in the collection of their debt, if any?

"ANSWER 'YES' OR 'NO' AS TO EACH.

|  | ANSWER |
|---|---|
| "a. Citizen's National Bank of San Antonio | 'No' |
| "b. Jess McNeel | 'No' " |

the same court as in this cause, alleging, among other things, that she continued to live with Glasscock as his wife until on or about February 25, 1974, on which date they separated. On June 21, 1974, Glasscock executed a waiver of citation and the same was filed in the cause on July 18, 1974. On July 18, 1974, appellant, in person and by and through her attorney appeared before the court and was granted a decree of divorce which was signed and entered on October 1, 1974. This decree recited "that the property settlement heretofore effected between the parties be, and the same is hereby approved . . ."; however, no written property settlement agreement was attached to the decree or introduced into evidence in the present case. In fact, the record reveals that both appellant and Glasscock testified that other than the deed in question no formal property agreement or settlement was reached between the parties. Appellees were not parties to this divorce suit.

On August 27, 1974, appellees recovered judgments totalling $32,951.12 plus interest, attorney's fees and court costs against Glasscock. Appellees recorded abstracts of these judgments in Edwards County and had writs of execution issued on the judgments and delivered to the sheriff who returned the same nulla bona on November 4, 1974, the date of the filing of the present suit.

■ Appellant contends by her first point that the decree of divorce approving the property settlement between Glasscock and appellant is a final, valid judgment, conclusive on appellees, and that the present suit amounts to no more than a collateral attack on such judgment. We disagree. The doctrines of res judicata and collateral estoppel only apply to parties to the prior suit and their privies. *Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361, 363 (Tex.1971); *Swilley v. McCain,* 374 S.W.2d 871, 874 (Tex.1964). Privity connotes those who are in law so connected with a party to

the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. *Benson v. Wanda Petroleum Co.,* supra. Appellees, who at the time of the divorce decree were unsecured, nonjudgment creditors of Glasscock, were not parties to the divorce suit and were not so connected with Glasscock as to have such an identity of interest that Glasscock represented the same legal right; in fact, being in a debtor-creditor relationship Glasscock represented a right adverse to appellees. Moreover, it appears that appellees could not be bound by the divorce decree since the court in a divorce action has no power to disturb the rights which creditors lawfully have against the parties or to award the property to the creditor's prejudice. *Broadway Drug Store of Galveston v. Trowbridge,* 435 S.W.2d 268, 270 (Tex.Civ.App.-Houston [14th Dist.] 1968, no writ); *Swinford v. Allied Finance Company of Casa View,* 424 S.W.2d 298, 301 (Tex.Civ. App.-Dallas 1968, writ dism'd); 3 Speer's Marital Rights in Texas, Sec. 840, pp. 200–201; Texas Family Law, Simpkins (Speer's 5th Ed.) Sec. 5:71, p. 368. Finally, we do not believe appellees would be bound by a property settlement not specified or identified in the divorce decree. We hold that the present suit is not a collateral attack on the prior divorce decree. Point one is overruled.

■ Appellant's point two(a) complains that the trial court erred in overruling appellant's motion for new trial because of the absence of lessees in possession of the property in question as parties to the suit, claiming that such lessees are "necessary and indispensable parties". Rule 39, T.R. C.P., amended 1971, provides:

"(a) Persons to be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action

in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. . . ."

This new rule intended to do away with the distinctions of proper, necessary and indispensable parties under the prior rule. See *Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200, 202–205 (Tex.1974), for discussion. Under the prior rule, a lessee of a grantee of a deed had been held not to be an indispensable party in an action for specific performance between the grantor and grantee because the lessee had no joint interest in the title to the land in question and no judgment was sought against it by the parties to the suit. *City of Arlington v. Bardin,* 478 S.W.2d 182, 191 (Tex.Civ.App.-Ft. Worth 1972, writ ref'd n. r. e.). In commenting on the present Rule 39, the Supreme Court in *Cooper* has said "it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined." 513 S.W.2d at 204. It is suggested in 1 McDonald's Texas Civil Practice, 1965 Ed. Cumulative Supplement, Sec. 3.23, p. 24, that if a party were held not indispensable under the prior rule, he should not be held indispensable under the amended rule.

The record reveals that the only evidence that there was a lease in existence on the lands involved here came from testimony by appellant during the trial. Appellant testified the property was leased, but she did not identify the lessees nor state the terms. The written lease was not introduced into evidence but was attached to appellant's

motions after trial. The suit was to set aside a conveyance from Thomas F. Glasscock to Mary Jane Glasscock and in our view they were the only "necessary and indispensable" parties under Rule 39 and the authorities. Any lessee for farming or ranching purposes would not have a joint interest in the suit to cancel a deed, and complete relief could be had among the two parties. We hold any lessee was not an indispensable party nor a necessary party. Point two(a) is overruled.

■ Point two(b) complains of an irreconcilable conflict between the jury's answers to special issue no. 4 and special issue no. 5. The former found that Glasscock executed the deed in question "with intent to hinder or delay [appellees] in the collection of their debt" while the latter failed to find that Glasscock executed the deed in question "with intent to defraud [appellees] in the collection of their debt." Appellant claims there is a material conflict in the findings that precludes the entry of a valid judgment. We disagree.

Section 24.02(a) of the Texas Business and Commerce Code, which special issues nos. 4 and 5 were predicated upon, provides as follows:

"A transfer of real or personal property, a suit, a decree, judgment, or execution, or a bond or other writing is void with respect to a creditor, purchaser, or other interested person if the transfer, suit, decree, judgment, execution, or bond or other writing was intended to

"(1) delay or hinder any creditor, purchaser, or other interested person from obtaining that to which he is, or may become, entitled; or

"(2) defraud any creditor, purchaser, or other interested person of that to which he is, or may become entitled."

The statute clearly provides two distinct grounds of recovery, i. e., a jury finding that the conveyance in question was made

*either* with intent to hinder or delay the creditor, *or* with intent to defraud the creditor in order to void the conveyance. In the instant case the jury finding that the deed in question was executed with intent to hinder or delay the creditors would be sufficient to support the judgment for appellees. Point two(b) is overruled.

The judgment of the trial court is affirmed.