TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00610-CV







Toby M. Brister, Appellant


v.





Bank of America, N.A., formerly known as NationsBank of Texas, N.A., Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY 


NO. 232,254, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING 








 Appellant Toby M. Brister appeals from the county court at law's summary judgment
in favor of appellee Bank of America, N.A. ("the Bank"). The Bank sued Brister for the deficiency
on a promissory note, and Brister asserted counterclaims and affirmative defenses. We will reverse
the summary judgment and remand the cause to the trial court.


FACTUAL AND PROCEDURAL BACKGROUND

 In February 1995 Brister signed a promissory note in favor of the Bank (1) in the original
principal amount of $7600.32. The note was secured by a lien on a 1989 Ford Econoline van owned
by Brister. Brister used the proceeds of the loan to pay off the balance owed on an earlier note
secured by a 1990 Chevrolet Camaro. A little over one year later Brister and his wife, Penny,
divorced. From the record, we observe that Penny did not appear for the divorce trial. The divorce
decree recites that her address was unknown and that notice of the trial was attempted by a private
process server and was published in two newspapers. The divorce court awarded the Camaro to
Brandy Lynn Shultz, Penny's daughter, and ordered that Penny take "full responsibility for all
payments, contractual agreements, financial and collateral agreements with Nations Bank, Account
# 0101439438-9 [the note at issue here] . . . throughout the duration of the agreement . . . and adhere
to all terms and conditions of the loan agreement." The court further ordered that "Brister be
released from any and all payments, contractual agreements, financial agreements, collateral
agreements and/or credit agreements and this account is to be deleted, erased, and cleared from
[Brister's] credit report." (2)

 After the divorce neither Penny nor Brister made payments to the Bank, and the note
went into default. The Bank sued Brister on the note and sought a writ of sequestration seeking
possession of the van. Pursuant to an order of the county court at law, the county clerk issued the
writ. The record does not reflect that the writ was executed or returned. The Bank, however, on its
own, repossessed the van and sold it for $1500. The Bank then moved for summary judgment,
seeking the deficiency remaining after the proceeds of the sale were applied to the note. Brister
answered with a general denial and affirmative defenses and asserted counterclaims. (3) Brister also
filed a motion for summary judgment. The trial court granted the Bank's motion and rendered
judgment against Brister for $5056.36, pre- and post-judgment interest, and attorney's fees. (4)

 By five issues, Brister appeals the county court at law's summary judgment. 


DISCUSSION By his fourth issue, Brister argues that "fact issues preclude summary judgment as
a matter of law." A traditional motion for summary judgment is properly granted when the movant
establishes that there is no genuine issue of material fact to be decided and that it is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a; Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471
(Tex. 1991). All doubts are resolved against the movant, and the reviewing court must view the
evidence in the light most favorable to the non-movant. Lear Siegler, 819 S.W.2d at 471. The
purpose of summary judgment is not to deprive a litigant of his right to trial but to eliminate
"patently unmeritorious claims and untenable defenses." City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 n.5 (Tex. 1979) (citing Gulbenkian v. Penn, 252 S.W.2d 929, 931 (Tex.
1952)). 

 We first address Brister's claim that the divorce decree dissolving his marriage to
Penny at least creates a fact issue regarding whether he was released from his obligation to pay the
note. That the divorce court's judgment creates no impediment to the Bank's pursuing its claim
against Brister, however, is beyond question. It has long been the law that a declaration in a divorce
decree that a note should be paid by one party "does not lift the responsibility off [the other party]
for its payment." Pape v. Pape, 35 S.W. 479, 481 (Tex. Civ. App.--San Antonio 1896, writ
dism'd). "[T]he court in a divorce action has no power to disturb the rights which creditors lawfully
have against the parties." Glasscock v. Citizens Nat'l Bank, 553 S.W.2d 411, 413 (Tex. Civ.
App.--Tyler 1977, writ ref'd n.r.e.) (citing Broadway Drug Store of Galveston, Inc. v. Trowbridge,
435 S.W.2d 268, 270 (Tex. Civ. App.--Houston [14th Dist.] 1968, no writ); Swinford v. Allied Fin.
Co., 424 S.W.2d 298, 301 (Tex. Civ. App.--Dallas 1968, writ dism'd w.o.j.)). "Texas courts have
consistently held that a division of the community estate may not prejudice the rights of a creditor
to satisfy a community debt." Blake v. Amoco Fed. Credit Union, 900 S.W.2d 108, 111 (Tex.
App.--Houston [14th Dist.] 1995, no writ) (citing Rush v. Montgomery Ward, 757 S.W.2d 521, 523
(Tex. App.--Houston [14th Dist.] 1988, writ denied); Wileman v. Wade, 665 S.W.2d 519, 520 (Tex.
App.--Dallas 1983, no writ); Inwood Nat'l Bank v. Hoppe, 596 S.W.2d 183, 185 (Tex. Civ.
App.--Texarkana 1980, writ ref'd n.r.e.); Glasscock, 553 S.W.2d at 413; Trowbridge, 435 S.W.2d
at 269-70). We hold as a matter of law that the divorce decree, standing alone, could not and did not
release Brister from any liability he may have to the Bank under the note.

 Brister also complains, however, that the Bank may not pursue a deficiency judgment
against him because it has failed to satisfy the requirements of section 9.504 of the business and
commerce code. See Tex. Bus. & Com. Code Ann. § 9.504(c) (West 1991). (5) Before a creditor may
recover a deficiency after collateral has been sold, the creditor must first show that the disposition
of the collateral was commercially reasonable and was made only after notification to the debtor. 
Tanenbaum v. Economics Lab., Inc., 628 S.W.2d 769, 771 (Tex. 1982); see Tex. Bus. & Com. Code
Ann. § 9.504(c). If the creditor fails to give notice or sell the collateral in a commercially reasonable
manner, the creditor may not seek a deficiency judgment against the debtor; instead the creditor is
deemed to have accepted the collateral in complete satisfaction of the debt. See Whirlybirds Leasing
Co. v. Aerospatiale Helicopter Corp., 749 S.W.2d 915, 918 (Tex. App.--Dallas 1988, no writ)
(discussing Tanenbaum, 628 S.W.2d at 771-72); Peck v. Mack Trucks, Inc., 704 S.W.2d 583, 585
(Tex. App.--Austin 1986, no writ). Therefore, if the Bank does not prove that it provided adequate
notice and conducted the sale in a commercially reasonable manner, it may not recover against
Brister and must be content with the proceeds it received from the sale of the van in satisfaction of
the amount owed on the note. 

 Section 9.504(c) of the business and commerce code requires that "reasonable
notification of the time and place of any public sale or reasonable notification of the time after which
any private sale or other intended disposition is to be made shall be sent by the secured party to the
debtor." Tex. Bus. & Com. Code Ann. § 9.504(c). The Bank's summary-judgment proof consists
of an affidavit by Billy Bledsoe, who is described only as being "employed" by the Bank. Bledsoe
states, inter alia, that "Brister defaulted on the Note. Therefore, [the Bank] accelerated the Note,
seized the collateral, sold it, and applied the proceeds to the Note. In so doing, [the Bank] sent all
required notices and demands to [] Brister." (Emphasis added.) The Bank does not assert that
Brister was notified of the sale of the van by means other than written notice. See Beltran v. Groos
Bank, N.A., 755 S.W.2d 944, 946 (Tex. App.--San Antonio 1988, no writ) (citing MBank Dallas
N.A. v. Sunbelt Mfg., Inc., 710 S.W.2d 633, 635-36 (Tex. App.--Dallas 1986, writ ref'd n.r.e.))
("reasonable" notice may be oral notice). 

 Brister controverted the Bank's evidence by denying that he received notice of the
sale of the van. A sworn denial of receipt of notice is some evidence of lack of notification of a sale. 
Beltran, 755 S.W.2d at 946 (citing Hensley v. Lubbock Nat'l Bank, 561 S.W.2d 885, 891 (Tex. Civ.
App.--Amarillo 1978, no writ)). Brister's affidavit states the following:


[The Bank] never notified me that they were going to sell the van, and never notified
me of a location for the sale.


[The Bank] never notified me of a date after which it intended to sale [sic] the van.


[The Bank] never sent me a letter by U.S. Post Office, certified or otherwise notifying
me of a date after which it intended to sell the van.


. . . In a June 1998 response to Requests for Production that I sent to [the Bank, it]
produced a letter authored by Sonja Pulliam, that [the Bank] claims it mailed to me
by certified mail on December 13, 1996. June 12 or 13, 1998 was the first time I had
ever seen that letter. [The record reflects that the Bank sold the van on January 17,
1997.]


. . . The above letter does not contain a copy of the green card with my signature
signifying my receipt of the letter, because I never received it or signed a green card.



(Emphasis added.) (6) The Bank has failed to conclusively prove that Brister had notice of the sale of
the van and thus has failed to prove as a matter of law that it is entitled to a deficiency judgment
against Brister. 

 Brister raised an issue of material fact concerning the Bank's compliance with section
9.504(c); therefore, summary judgment was improper. We sustain Brister's fourth issue. We need
not address his remaining issues. See Tex. R. App. P. 47.1. 


CONCLUSION

 We reverse the judgment of the county court at law and remand this case to that court
for trial on the merits. 



 

 Lee Yeakel, Justice

Before Justices Yeakel, Patterson and Powers*

Reversed and Remanded

Filed: August 9, 2001

Do Not Publish












* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The note was payable to NationsBank of Texas, N.A. NationsBank of Texas merged with
NationsBank, N.A., which then merged with Bank of America, N.A. The county court at law
granted judgment for the surviving entity, Bank of America. 
2. The divorce decree is not a model of clarity, but it appears that there was another
indebtedness, with Ford Motor Credit Company, relative to the Camaro. The divorce court also
assessed that debt against Penny and purported to release Brister from it with language similar to that
concerning the Bank's debt.
3. Brister asserted the following affirmative defenses: release, legal justification, waiver,
failure to mitigate damages, and laches. He asserted the following counterclaims: conversion, breach
of fiduciary duty, and wrongful foreclosure. 
4. It appears from the record that the parties intended that the court entertain both motions for
summary judgment. The final judgment reflects, however, that the court considered only the Bank's
motion. The judgment contains a "Mother Hubbard" clause, see North E. ISD v. Aldridge, 400
S.W.2d 893, 898 (Tex. 1966), and this Court is satisfied that the county court at law intended that
the judgment be final as to all claims and all parties. See Lehmann v. Har-Con Corp., 39 S.W.3d
191, 192-93 (Tex. 2001).
5. After suit was filed, the code was amended. See Act of May 17, 1999, 76th Leg. R.S., ch.
414, § 1.01, 1999 Tex. Gen. Laws 2639, 2639-750. Section 9.610 of the current code governs the
disposition of collateral after default. See Tex. Bus. & Com. Code Ann. § 9.610 (West Supp. 2001). 
We cite to the version that was in effect at the time this action accrued.
6. Although it appears that the Bank, during the summary-judgment hearing, produced a copy
of the United States Postal Service certified-mail receipt reflecting a signature other than Brister's,
the summary-judgment record before this Court does not contain a receipt.



R WP="BR2">
. . . The above letter does not contain a copy of the green card with my signature
signifying my receipt of the letter, because I never received it or signed a green card.



(Emphasis added.) (6) The Bank has failed to conclusively prove that Brister had notice of the sale of
the van and thus has failed to prove as a matter of law that it is entitled to a deficiency judgment
against Brister. 

 Brister raised an issue of material fact concerning the Bank's compliance with section
9.504(c); therefore, summary judgment was improper. We sustain Brister's fourth issue. We need
not address his remaining issues. See Tex. R. App. P. 47.1. 


CONCLUSION

 We reverse the judgment of the county court at law and remand this case to that court
for trial on the merits. 



 

 Lee Yeakel, Justice

Before Justices Yeakel, Patterson and Powers*

Reversed and Remanded